UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) CESAR ALEJANDRO CASTRO PUJOLS,<br>(2) ANDRE HERAUX MARTINEZ,<br>(3) FERMIN CASTILLO,<br>(4) KEVIN CARMONA VICTORINO,<br>(5) SATURNINO GUERRERO,<br>(6) KEVIN HAYES,<br>(7) SONGFENG CHEN, and<br>(8) CHI YING,<br><br>Defendants | Criminal No.  21cr10120<br><br>Violations:<br><br>Count One: Conspiracy to Distribute and to Possess with Intent to Distribute 400 Grams or More of Fentanyl and Cocaine<br>(21 U.S.C. § 846)<br><br>Count Two: Money Laundering Conspiracy<br>(18 U.S.C. § 1956(h))<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1)) |

INDICTMENT

COUNT ONE
Conspiracy to Distribute and to Possess with Intent to Distribute
400 Grams or More of Fentanyl and Cocaine
(21 U.S.C. § 846)

The Grand Jury charges:

From in or about July 2020 through March 23, 2021, in the District of Massachusetts, and elsewhere, the defendants,

(1) CESAR ALEJANDRO CASTRO PUJOLS,
(2) ANDRE HERAUX MARTINEZ,
(3) FERMIN CASTILLO,
(4) KEVIN CARMONA VICTORINO,
(5) SATURNINO GUERRERO, and
(6) KEVIN HAYES,

conspired with each other and with other persons known and unknown to the Grand Jury, to

knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-( 2-phenylethyl )-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count One involved 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-( 2-phenylethyl )-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi) is applicable to this Count.

It is further alleged that, with respect to Count One, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-( 2-phenylethyl )-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to (1) CESAR ALEJANDRO CASTRO PUJOLS; (2) ANDRE HERAUX MARTINEZ; (3) FERMIN CASTILLO; (4) KEVIN CARMONA VICTORINO; and (5) SATURNINO GUERRERO.

Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi) is applicable to defendants (1) CESAR ALEJANDRO CASTRO PUJOLS; (2) ANDRE HERAUX MARTINEZ; (3) FERMIN CASTILLO; (4) KEVIN CARMONA VICTORINO; and (5) SATURNINO GUERRERO.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
## Money Laundering Conspiracy
## (18 U.S.C. § 1956(h))

The Grand Jury further charges:

From in or about August 2020 through March 23, 2021, in the District of Massachusetts, and elsewhere, the defendants,

> (1) CESAR ALEJANDRO CASTRO PUJOLS,
> (2) ANDRE HERAUX MARTINEZ,
> (3) FERMIN CASTILLO,
> (4) KEVIN CARMONA VICTORINO,
> (5) SATURNINO GUERRERO,
> (7) SONGFENG CHEN, and
> (8) CHI YING,

conspired with each other and with others known and unknown to the Grand Jury to conduct and attempt to conduct financial transactions, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, the distribution of controlled substances, in violation of Title 21, United States Code, Section 841, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

1. Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count One, the defendants,

> (1) CESAR ALEJANDRO CASTRO PUJOLS,
> (2) ANDRE HERAUX MARTINEZ,
> (3) FERMIN CASTILLO,
> (4) KEVIN CARMONA VICTORINO,
> (5) SATURNINO GUERRERO, and
> (6) KEVIN HAYES,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

1.     Upon conviction of the offense in violation of Title 18, United States Code, Section 1956(h), as set forth in Count Two, the defendants,

>    (1) CESAR ALEJANDRO CASTRO PUJOLS,
>    (2) ANDRE HERAUX MARTINEZ,
>    (3) FERMIN CASTILLO,
>    (4) KEVIN CARMONA VICTORINO,
>    (5) SATURNINO GUERRERO,
>    (7)  SONGFENG CHEN, and
>    (8)  CHI YING,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

2.     If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

_____
FOREPERSON

_____
LEAH B. FOLEY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: April __15, 2021

Returned into the District Court by the Grand Jurors and filed.

/s/ Harold Putnam 4/15/2021; 11:16 a.m.
_____
DEPUTY CLERK

_____
HON. MARIANNE B. BOWLER
United States Magistrate Judge

Date: April 15, 2021