UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | 21-CR-10120-WGY |
| | : | |
| CESAR ALEJANDRO CASTRO PUJOLS, et al | : | |
| | : | |
| Defendants. | : | |

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SONGFENG CHEN'S MOTION TO SEVER

## Factual Background

Songfeng Chen was arrested pursuant to a Complaint on or about March 2, 2021. The government moved for detention, but Magistrate Judge Kelley granted Mr. Chen pretrial release secured by a real estate bond posted by his parents (they mortgaged the family home in Quincy). He was indicted on April 15, 2021, charged in the second count of a two count indictment and named in one of two forfeiture allegations. There were eight defendants named in the Indictment. Defendants 1-6 were charged in the first count, which alleged a "Conspiracy to Possess and to Possess with Intent to Distribute 400 Grams or more of Fentanyl and Cocaine," in violation of 21 U.S.C. 846. Mr. Chen was not among the six defendants charged in the drug conspiracy count. Mr. Chen was charged instead in Count Two, which alleges a "Money Laundering Conspiracy" in violation of 18 U.S.C. 1956(h). He was also named in the Money Laundering Forfeiture Allegations, but was not named in the Drug Forfeiture Allegations.

According to the Affidavit in support of the Complaint in this matter, on November 5, 2020, at the direction of a federal official, a Quincy Police Officer stopped a car in which

Songfeng Chen was a passenger and seized $100,020 in cash. Mr. Chen was not arrested on the day of the seizure. The Complaint lays out in some detail the government's theory of case concerning the drug conspiracy. There is no allegation in the Affidavit or in the Indictment (nor any evidence we have found in discovery) that Mr. Chen was part of the drug conspiracy. Trial is set for March 28, 2022. Motions are due February 7, 2022. This motion is timely filed.

**Applicable Legal Standards**

Fed.R.Crim.P. 8(b) governs joinder of defendants, the purpose of which is to balance both "a defendant's right to have his guilt considered separately and the systemic benefits of consolidated trials." United States v. Boylan, 898 F.2d 230, 245 (1st Cir. 1990). A single indictment may charge two or more defendants if those defendants "participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Further, "all defendants need not be charged in each count."

The language of Rule 8(b) does not complete the analysis, however. The rules contemplate that defendants may, and even should, be severed when required by the interests of justice. Rule 14(a) of the Federal Rules of Criminal Procedure, states that "if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants trials, or provide any other relief that justice requires." Where there is a "serious risk that a joint trial would compromise a specific trial right" severance is warranted. Zafiro v. United States, 506 U.S. 534, 539 (1993). Risks of prejudice occur in cases of a complicated nature with multiple defendants and when evidence that should not be considered against a defendant is admitted against a codefendant. Id. ("Such a risk might occur when evidence that the jury should not consider against a defendant is admitted against a codefendant.) (When many defendants are

2

tried together in a complex case and they have markedly different culpability, this risk of prejudice is heightened."). In Mr. Chen's case there will be extensive evidence of the drug conspiracy with which he was not charged. It will be impossible for the jury to look at Mr. Chen seated at defense table alongside the alleged members of the cartel and separate the evidence against him from the evidence they are hearing in the courtroom day after day about the cartel. Mr. Chen – alleged to have participated a single time in a money laundering conspiracy - undoubtedly will be unfairly prejudiced. His trial should be severed.

Pursuant to Fed.R.Crim.P. 12(b)(3)(B), improper joinder may warrant dismissal of an indictment or information or severance as a lesser alternative. See Fed. R. Crim. P. 12(b)(3)(D). Under Rules 12(b)(3)(B)(iv) and 12(b)(3)(D), a motion for dismissal of the indictment based on improper joinder of defendants under Rule 8(b), or alternatively, severance of defendants under Rule 14(a), must be raised pretrial.

### Mr. Chen should be granted relief from a prejudicial joinder under Federal Rule of Criminal Procedure Rule 14(a).

Assuming for purposes of the motion that the factual allegations in the Complaint Affidavit are accurate, Mr. Chen's actions were not part of the same scheme or transaction of the other co-defendants' drug distribution scheme. The drug conspiracy was apparently the work of people associated with a Mexican drug cartel. Mr. Chen is not affiliated – is not even alleged to be affiliated – with a Mexican drug cartel. The trial presumably will be replete with evidence of the existence and inner workings of the cartel. None of that evidence will be properly admissible against Mr. Chen. The only link between Mr. Chen and the co-defendants charged with a drug charge is one cash transaction between Mr. Chen and Mr. Castro Pujols that took place on November 4, 2020.

Mr. Chen's trial should be severed, because without severance, his right to a fair trial is at risk. See Zafiro, 506 U.S. at 539. ("Severance is warranted where there is "a serious risk that a joint trial would compromise a specific trial right.")  The indictment merely charges Mr. Chen with knowledge that the money was used for some unlawful purpose. It does not charge him with knowing that the cash was the proceeds of transactions involving illegal narcotics.  Allowing Mr. Chen to be tried in the same trial as a complicated, long-scale fentanyl and cocaine distribution scheme severely heightens the risk of prejudice to Mr. Chen in a joint trial. See id. ("Such a risk might occur when evidence that the jury should not consider against a defendant…is admitted against a codefendant….[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, the risk of prejudice is heightened.").  Where a case's complexity may make it difficult for a jury to separate evidence for each defendant, thus prejudicing a defendant, severance is warranted. Id. (citing Kotteakos v. United States, 328 U.S. 750,774-75 (1946).

Moreover, the risk of prejudice is heightened where the build up of evidence against one defendant may spill over onto co-defendants See  Zafiro, 506 U.S. at 539 (holding that a risk of prejudice against a defendant might occur "when evidence that the jury should not consider against a defendant that would not be admissible if a defendant were tried alone is admitted against a codefendant…evidence of a co defendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty.") The potential for "guilt by association" prejudicing a jury will be amplified if Mr. Chen is tried with the other defendants involved in an organized crime related cocaine and fentanyl distribution ring. See id. The prejudice that will result from the government's misjoinder is substantial, arising from the lack of overlap among the allegations made against Mr. Chen the alleged drug conspirators and the

4

high volume of wholly irrelevant evidence for Mr. Chen that will be presented on behalf of the seven other defendants at trial. The threat of transference of guilt is high.

In conclusion, justice requires this Court to sever Mr. Chen's trial from the trial of Count One.

> Respectfully submitted,
>
> /s/ Stephen G. Huggard
> Stephen G. Huggard (BBO#622699)
> stevehuggard@huggardlaw.com
> HUGGARD LAW LLC
> 101 Arch Street, 8th Floor
> Boston, Massachusetts 02110
> (617) 875-2622

February 7, 2022

## Rule 7.1 Certificate

I, Stephen G. Huggard, hereby certify that, pursuant to Local Rule 7.1, I have conferred with opposing counsel in an effort to resolve or narrow this issue by email correspondence.

## Certificate of Service

I, Stephen G. Huggard, hereby certify that, pursuant to Local Rule 5.2(b)(2), on this 7th day of February 2022, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing.

> /s/Stephen G. Huggard